## WOOD v. CONCRETE FIBRE CO.

### (District Court, E. D. Pennsylvania. November 4, 1914.)

### No. 3216.

**1. PLEADING (§ 348*)—AFFIDAVIT OF DEFENSE—SUFFICIENCY.**

Where a contract employing plaintiff's decedent to assist defendant in the manufacture of fiber provided that decedent should have stock in defendant company of the par value of $50,000, a judgment could not be entered on the pleadings for such sum; plaintiff's right to recover being predicated on defendant's breach of the contract, and the affidavit of defense having denied the breach, and alleged that decedent himself failed from want of ability or refused to perform on his part, and voluntarily left defendant's employ, and that he was not to receive any compensation beyond a cash payment until he had demonstrated to defendant company that he could and actually had made marketable fiber by his process, which he failed to do.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1065, 1066; Dec. Dig. § 348.*]

**2. PLEADING (§ 348*)—JUDGMENT ON PLEADING — AFFIDAVIT OF DEFENSE — SUFFICIENCY.**

In an action for breach of a contract to employ decedent, an affidavit of defense, alleging that decedent voluntarily left defendant's employ, *held* sufficient to prevent judgment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1065, 1066; Dec. Dig. § 348.*]

**3. PLEADING (§ 343*)—AFFIDAVIT OF DEFENSE—JUDGMENT.**

Where plaintiff, for alleged breach of a contract of employment, sought to recover $1,500 alleged unpaid wages, but the averments of plaintiff's statement showed $400 paid on account of such item, a judgment for $1,-500 on the pleadings could not be granted.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1048–1051; Dec. Dig. § 343.*]

At Law. Action by Georgeanne Wood, as executrix of Jerome I. Wood, deceased, against the Concrete Fibre Company. On rule for judgment on the pleadings. Denied.

George P. Rich, of Philadelphia, Pa., for plaintiff.
Nicholas H. Larzelere, of Norristown, Pa., for defendant.

DICKINSON, District Judge. The question involved in this case must be ruled upon the facts to be gathered from the affidavit of defense, read in the light shed by the averments in the statement of claim.

Jerome I. Wood, the plaintiff's decedent, before his connection with the defendant company, had discovered and controlled certain secret processes for the manufacture of fiber from paper stock. The defendant company was organized for the purpose of manufacturing fiber by the Wood processes. The value of the combination inhered in the ability and willingness of the defendant to supply the financial and material means for producing fiber and in the skill and knowledge of Wood and the merit of his processes. Although the processes themselves were deemed to have passed the experimental stage, it was with-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the purview of the thought of the parties that the practical commercial results were more or less speculative.

The parties thus situated entered into a contract, a copy of which is annexed to the statement of claim. The claim of the plaintiff is that by this agreement Wood was to give the defendant the whole benefit of his processes and was to serve the company for one year as manager of its plant, in consideration of which he was to receive $500 cash down (on which he had been paid only $100), was to receive $1,500 for his year's services (on which he had received only $400), and was to get shares of stock of the defendant company of the par value of $50,000, and a further sum of $4,500, making a total claim of $56,000, with interest from May 20, 1909. This claim is based upon the averments that Wood complied fully with the agreement on his part, so far as he was permitted by the defendant to do. Further compliance with the agreement by him was prevented by the act of the defendant in discharging him without cause from its employ and in committing a breach of its contract. Wood thereupon tendered performance on his part of the agreement, which being refused by the defendant, this suit has been brought by his legal representative for the breach.

This statement was met by an affidavit of defense, and the affidavit was followed by a rule for judgment. The parties radically differ over the proper construction of the contract in several respects. As in the view we have taken the judgment asked for cannot in the present state of the record be entered, we do not feel called upon to construe the contract, except in those features necessary to the decision now made. The contract will doubtless be made the subject of future controversy. The reasons for the conclusions reached are indicated in connection with the statement of them respectively.

1. Judgment cannot now be rendered for the $500, for the reason that the affidavit of defense flatly avers the payment of this money in full. This is conceded by counsel for the plaintiff, who has not asked for judgment for this part of plaintiff's claim.

2. Judgment cannot be entered for the $4,500, part of plaintiff's claim, for the reason stated below, and also because the agreement provides that this shall not become payable until after the defendant company has paid a 10 per cent. dividend upon its stock, and the affidavit avers that no such dividend has been earned, declared, or paid. This latter view is also acquiesced in by counsel for plaintiff, and no judgment is asked for this part of the claim.

[1] 3. Judgment cannot be entered for the sum of $50,000, because plaintiff's right to recover is predicated upon the breach of the contract by the defendant, and the affidavit of defense contains the positive denial of the breach alleged and the averment that the plaintiff's decedent himself failed from want of ability, or refused, to carry out the agreement on his part, and voluntarily left defendant's employ. The further defense is interposed that the contract provides that Wood was not to receive any compensation beyond the $500 cash payment until he, in the language of the agreement, "had demonstrated to the satisfaction of the company, through its board of directors," that he

could and until he actually had made marketable fiber by his process, and that he had not in fact, after five months of costly efforts, produced a single pound of marketable fiber, and was not able to do so.

[2, 3] 4. Judgment cannot be entered for the claim for wages, for the reason already stated. The affidavit of defense alleges that Wood voluntarily left defendant's employ. There are, moreover, technical difficulties in the way of the entry of a judgment for $1,500, as asked. The judgment must be based on the averments of the statement. The statement avers a payment of $400 on account of this item of claim. How, then, could a judgment for $1,500 be justified, and what is there to support it?

The contract must be construed at the trial. We therefore have avoided commenting on the meaning given the agreement by the plaintiff, that Wood was to have one year in which to experiment with his process, and the meaning given it by the defendant, that the contract of employment began when fiber was commercially produced.

The rule for judgment is discharged.